NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIFEVOXEL VIRGINIA SPV, LLC, an individual; SCOTT MARSCHALL; DEBBIE GALLO; KEVIN SINAGRA; SCOTT POOLE; PETER BERSHATSKY, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> LIFEVOXEL.AI, INC., a Delaware corporation; KOVEY KOVALAN; LINH LE, an individual, <br><br> Defendants - Appellees. | No. 25-613 <br><br> D.C. No. 3:22-cv-01917-GPC-MMP <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, Senior District Judge, Presiding

Argued and Submitted July 30, 2026
San Francisco, California

Before: WARDLAW, OWENS, and DE ALBA, Circuit Judges.

Plaintiffs LifeVoxel Virginia SPV, LLC, Scott Marschall, Debbie Gallo,

Kevin Sinagra, Scott Poole, and Peter Bershatsky (collectively, "Plaintiffs") appeal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

from the district court's (1) dismissal of their Third Amended Complaint ("TAC") in a suit against Defendants Kovey Kovalan, Linh Le, and LifeVoxel.AI, Inc. ("LifeVoxel") (collectively, "Defendants"), and (2) denial of leave to amend their claims alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Securities and Exchange Commission (SEC) Rule 10b–5, 17 C.F.R. § 240.10b–5. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's dismissal but reverse the denial of leave to amend.

A claim under Section 10(b) and SEC Rule 10b–5 requires proof of "economic loss" and "loss causation." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 342 (2005) (citation modified). The district court held that Plaintiffs, who invested in Simple Agreements for Future Equity ("SAFE") Notes, could allege economic loss only by showing that a conversion event had become impossible. It then found that Plaintiffs "failed to plausibly allege that the revelation of an alleged misrepresentation or omission was a substantial factor in rendering a Conversion Event impossible," and therefore failed to adequately plead loss causation. The district court subsequently dismissed Plaintiffs' claims under Sections 10(b) and 20(a) and SEC Rule 10b–5. *See In re Rigel Pharms., Inc. Secs. Litig.*, 697 F.3d 869, 886 (9th Cir. 2012) ("Section 20(a) . . . require[s] underlying primary violations of the securities laws.").

The securities statutes aim to "protect [investors] against those economic losses that misrepresentations actually cause." *Dura Pharms.*, 544 U.S. at 345. It is not enough to allege an inflated purchase price or a potential future loss; securities plaintiffs must have suffered an "actual economic loss." *Id.* at 344. Loss causation is "a causal connection between the material misrepresentation and the loss." *Id*. at 342. To plead loss causation, a plaintiff must allege that "the misrepresentation is one substantial cause of the investment's decline in value." *Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal.*, 730 F.3d 1111, 1119 (9th Cir. 2013) (quoting *In re Daou Sys., Inc.*, 411 F.3d 1006, 1025 (9th Cir. 2005), *abrogated on other grounds as recognized by Glazer Capital Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 766 (9th Cir. 2023)).

Therefore, to plead loss causation, Plaintiffs must adequately allege that Defendants' misrepresentations were a "substantial cause" of their "investment's decline in value." *See id.* (citation omitted). That is, they must show that Defendants' misrepresentations were a substantial cause of their SAFE Notes' decline in value. The district court demanded too much in requiring Plaintiffs allege that Defendants' misrepresentations were a substantial factor in rendering a conversion event impossible, as Plaintiffs may plausibly show a decline in the value of their investment without showing that a conversion event is impossible. The district court was incorrect to assume that "there is no way to determine the

present value of a SAFE Note." It is true that when securities are not traded on a public market, economic loss cannot be easily inferred from a decline in the price of the security. *See, e.g., WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1053 (9th Cir. 2011) ("With a privately held company, a comparison of market stock price to establish loss causation has less relevance because market forces will less directly affect the sales prices of shares of a privately held company."), *abrogated on other grounds by Lorenzo v. Sec. & Exch. Comm'n*, 587 U.S. 71 (2019). As a result, investors holding such securities may carry a "greater burden" in proving the "causal links that an efficient secondary market establishes automatically." *Irving Firemen's Relief & Ret. Fund v. Uber Techs., Inc.*, 998 F.3d 397, 410 (9th Cir. 2021) (citation modified) (quoting *Eckstein v. Balcor Film Inv'rs*, 8 F.3d 1121, 1130 (7th Cir. 1993)). But "fundamentally the same loss causation analysis occurs." *Id.* (internal quotation marks and citation omitted). If Plaintiffs can show that Defendants' misrepresentations were a substantial cause of their investment's decline in value, they—like all other securities fraud plaintiffs—will have met their burden of pleading economic loss and loss causation.

That said, we are not convinced that Plaintiffs have in fact met this burden. Plaintiffs themselves claim that an array of errors and mismanagement—including a failure to maintain appropriate internal controls, records, and accounting

procedures; a failure to protect LifeVoxel's intellectual property rights; and the denial of shareholder access to books and records—have contributed to LifeVoxel's poor financial prospects. But as the district court properly observed, while these deficiencies "may bear on possible economic loss," Plaintiffs must demonstrate a loss "caused by a qualifying misrepresentation or omission, not unwise or reckless business decisions."

Plaintiffs alleged that Defendants made qualifying misrepresentations and omissions regarding LifeVoxel's financial information and income, prior capitalization in LifeVoxel, and their intent to buy back minority shares of AI Visualize, Inc. However, they must allege that this fraud caused them to suffer an actual economic loss distinguishable from any loss suffered as a result of the "tangle of factors" that affect the value of a security. *Dura Pharms.*, 544 U.S. at 343. Purchasing a security at an inflated price—that is to say, paying more for the security than they would have had they known the truth—is insufficient. *See id*. at 342. Plaintiffs have not adequately alleged that their investment declined in value, and that this decline was substantially attributable to Defendants' alleged fraud.

Therefore, we affirm the district court's dismissal of the TAC for failure to adequately plead the elements of economic loss and loss causation. However, because Plaintiffs need not necessarily allege a conversion event is impossible to plead economic loss and loss causation, we reverse the district court's denial of

leave to amend Plaintiffs' claims alleging violations of Sections 10(b) and 20(a) and SEC Rule 10b–5. Though it may be a steep burden, *see Irving Firemen's Relief*, 998 F.3d at 410, Plaintiffs should have the opportunity to allege that Defendants' alleged fraud substantially caused a decline in the value of their investment. *See Nuveen*, 730 F.3d at 1119.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**